DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Shawn Wheeland, appeals his conviction out of the Medina County Court of Common Pleas. This Court reverses.
 I. {¶ 2} Appellant was indicted on February 16, 2005, on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of child endangering in violation of R.C.2919.22(B)(1)(E)(1)(d), a felony of the second degree. The charges arose out of an incident in which a five-month old baby was shaken and suffered injuries. Appellant was watching the baby overnight after the mother dropped the baby off *Page 2 
before going to work. Appellant maintained that the baby began to looked dazed and vomit after falling off a couch. Appellant pled not guilty to the charges. Appellant was held in jail pending resolution of the matter on a $100,000.00 bond.
 {¶ 3} On January 17, 2006, appellant appeared before the court for a change of plea hearing. The State moved to dismiss the charge of felonious assault in exchange for appellant's pleading guilty to the charge of child endangering. The State further asserted that it would agree to a one-year term of incarceration. The trial court engaged in colloquy with appellant, after which the court found that appellant knowingly, voluntarily and intelligently waived his right to trial and entered a plea of guilty to the charge of child endangering. The trial court ordered a pre-sentence investigation and scheduled the matter for sentencing on February 21, 2006.
 {¶ 4} On February 21, 2006, appellant moved for a continuance of sentencing, which the court granted. On February 27, 2006, the trial court heard comments from the injured infant's mother for consideration in regard to appellant's sentencing. The child's mother informed the court that the child was "doing really well." The trial judge informed the mother that he had a "problem" with the fact that appellant told the probation department that he had not shaken the child.
 {¶ 5} On March 3, 2006, prior to sentencing, appellant filed a motion to withdraw his plea. He argued that he had never acknowledged shaking the child *Page 3 
and that a witness had just come forward with newly discovered evidence tending to show that appellant "was perhaps not guilty or had a complete defense to the charge." On March 3, 2006, the trial court held a hearing on appellant's motion to withdraw his plea. At the conclusion of the hearing, the trial court took the matter under consideration, but apparently orally informed the parties that it denied the motion. On April 21, 2006, appellant filed a request for conclusions of law and findings of fact for the trial court's decision denying appellant's motion to vacate his plea. On April 24, 2006, appellant filed a motion to reconsider regarding the trial court's denial of his motion to vacate his plea. Later the same day, the trial court issued an order denying appellant's motion to withdraw his plea without analysis.
 {¶ 6} Also on April 24, 2006, the matter proceeded to sentencing. Prior to sentencing, appellant inquired regarding the trial court's rulings on his motion for reconsideration and motion for conclusions of law and findings of fact. The trial court orally denied both motions, asserting that it found both defense witnesses at the hearing on the motion to withdraw the plea to be "singularly incredible — not credible." The trial court then sentenced appellant to two years in prison. Appellant timely appeals, raising four assignments of error for review. As it is dispositive of the appeal, this Court considers appellant's second assignment of error first.
 II. *Page 4 ASSIGNMENT OF ERROR II "IT WAS PREJUDICIAL ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BEFORE SENTENCING AFTER APPELLANT OFFERED NEW EVIDENCE OF HIS INNOCENCE."
 {¶ 7} Appellant argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea prior to sentencing upon appellant's presentation of testimony that someone else was responsible for the child's injuries. This Court agrees.
 {¶ 8} Crim.R. 32.1 governs the withdrawal of guilty pleas and states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} This Court has stated that "[a] criminal defendant may withdraw his guilty plea prior to sentencing if the criminal defendant has presented a legitimate and reasonable basis for the withdrawal of the guilty plea." State v. West, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 20. Although the decision to grant or deny a criminal defendant's motion to withdraw his guilty plea lies within the sound discretion of the trial court, this Court has asserted that "[w]hen a motion to withdraw a guilty plea is made before sentencing, it is to be freely allowed and treated with liberality." State v. Eklich (June 29, 1994), 9th Dist. No. 2279-M. See, also State v. Xie (1992), 62 Ohio St.3d 521,527. *Page 5 
 {¶ 10} An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. This Court has held that a trial court does not abuse its discretion by denying a pre-sentence motion to withdraw a guilty plea when the following three elements are present:
 "`(1) the defendant is represented by competent counsel: (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.'" West at ¶ 22, quoting State v. Pamer, 9th Dist. No. 04CA0027-M, 2004-Ohio-7190, at ¶ 10.
 {¶ 11} In addition, we have required that a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea also take into consideration "the facts and circumstances of each case." West at ¶ 23. Therefore, this Court must consider those same facts and circumstances when reviewing the trial court's decision. Id.
 {¶ 12} In making such a determination, other courts have adopted additional factors to consider when reviewing the trial court's decision regarding a motion to withdraw a guilty plea. This Court finds these additional factors relevant to the inquiry. They included: *Page 6 
 "1)whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Fulk, 3d Dist. No. 15-04-17, 2005-Ohio-2506, at ¶ 13, quoting State v. Lewis, 3d Dist. No. 1-02-10, 2002-Ohio-3950, at ¶ 11.
 {¶ 13} In this case, there is no dispute about the competence of defense counsel.
 {¶ 14} There is further no evidence to show that the State would be prejudiced by an order allowing appellant to withdraw his guilty plea. This Court has held, "`Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury.'" Eklich, supra, quoting Kadwell v. United States
(C.A.9, 1963), 315 F.2d 667, 670. In addition,
 "when a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused. That is, in such a situation we have the inconvenience to the state of proving the guilt of a defendant at trial versus the possibility that a person has pled guilty to a crime they did not commit. Absent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain, * * * the potential harm to the state in vacating the plea is slight, whereas the potential harm to the defendant in refusing to vacate the plea is great." State v. Cuthbertson (2000), 139 Ohio App.3d 895, 900. *Page 7 
 {¶ 15} Here, the State argues that it would be prejudiced by a withdrawal of appellant's guilty plea because the case has been continued several times, witnesses have gone through the anxiety of having the case continued, and witnesses become less available and memories less exact with the passage of time. No one else was present with appellant when the baby began to act strangely and vomit. There are no witnesses who could testify that appellant shook the child. Further, the State intended to call Dr. Daryl Steiner as an expert who would testify regarding shaken baby syndrome, its causes and timeliness of its symptoms. The State cannot reasonably argue that Dr. Steiner's, or other expert's, testimony would be less exact with the passage of time. In fact, the State concedes that the physician would study the child's medical records prior to testifying. Under these circumstances, this Court finds that the potential harm to appellant in denying his motion to withdraw his guilty plea greatly outweighs any prejudice to the State.
 {¶ 16} The trial court provided appellant with a change of plea hearing at which the court engaged in a colloquy with appellant. The trial court explained the maximum penalties associated with the charges, that the trial court retains discretion regarding sentencing, and that appellant would be subject to post-release control. The trial court further explained that by pleading guilty, appellant would be waiving his right to a speedy and public trial, his right to counsel at that trial, his right to confront witnesses against him and subpoena his own witnesses for trial, the right to testify himself, and the right to compel the State to prove his *Page 8 
guilt beyond a reasonable doubt. The trial court did not, however, inform appellant that he was waiving his right to remain silent and not testify.
 {¶ 17} The trial court provided appellant with a hearing on his motion to withdraw his guilty plea. However, this Court finds that the trial court abused its discretion by not giving full consideration to new evidence that someone other that appellant was guilty of the offense.
 {¶ 18} Appellant presented the testimony of two witnesses at the March 3, 2006 hearing on his motion to withdraw his guilty plea. Roosevelt Shelton is appellant's neighbor. He testified that a co-worker, Eskia Taylor, told him approximately two-and-a-half weeks earlier that the victim child's mother told her that she thought she had shaken her baby too hard. Mr. Roosevelt testified that the subject of appellant's case came up during their conversation about people that they both knew from the Wadsworth area. He further testified that he told Ms. Taylor that she should tell appellant's father what she had told him but Ms. Taylor declined, because she did not want to get involved. Mr. Roosevelt testified that he went to appellant's father that evening after work and told him what Ms. Taylor had said during their conversation. Mr. Roosevelt asserted that he does not know Nina King, the victim child's mother.
 {¶ 19} Eskia Taylor testified that she and Mr. Roosevelt were having a conversation at work about appellant's case. Mr. Roosevelt told her that he was a neighbor of appellant's parents. Ms. Taylor testified that she knew Nina King and *Page 9 
that they "hung out" together when they were younger. She testified that she ran into Ms. King at Medina County Job and Family Services one day in January 2005 and that they engaged in small talk, catching up on one another's lives. Ms. Taylor testified that she knew that child protective services had taken the victim child from Ms. King after the incident and she asked Ms. King how she was coping with the situation. Ms. Taylor testified that Ms. King told her that it was a stressful situation and then said, "I think I shook him too hard." Ms. Taylor testified that she did not tell anyone about Ms. King's statement because she did not want to be involved. She testified that she was angry at Mr. Roosevelt and the prosecutor for encouraging her to testify and become involved in the matter but that she now realizes how important her testimony is. Finally, Ms. Taylor testified that she knows appellant's sister and that she recognized appellant from school but that she does not know him well.
 {¶ 20} Appellant filed his motion, asserting that he had recently discovered new evidence tending to show that someone else caused the child's injuries. Appellant only learned of the new evidence within mere days of the original sentencing date. Counsel filed the motion as soon as he obtained the cooperation of the necessary witnesses, one of whom was reluctant to "get involved."
 {¶ 21} The trial court denied appellant's motion to withdraw his guilty plea without analysis, other than the judge's statement at the sentencing hearing that he found Mr. Roosevelt and Ms. Taylor to be "singularly incredible — not credible[.]" *Page 10 
The State, however, failed to present any evidence to rebut appellant's evidence that someone other than appellant reasonably could have caused the child's injuries, so that appellant "was perhaps not guilty or had a complete defense to the charge." See Fulk at ¶ 13. The trial court further expressed a "problem" with the fact that appellant denied shaking or otherwise harming the child.
 {¶ 22} Appellant complains that the trial court did not issue findings of fact and conclusions of law in regard to its denial of appellant's motion. There is no specific requirement pursuant to rule or statute that the trial court issue findings of fact and conclusions of law in regard to such a motion. State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, at ¶ 52. Nevertheless, this Court construes the trial court's statement that the witnesses at the hearing on the motion to withdraw the plea were "singularly incredible" as a finding of fact. However, we note facts in the record which impugn the basis for such a finding. Specifically, the record demonstrates unrebutted evidence that Mr. Roosevelt does not know the injured child's mother and had no reason to become involved in a matter which did not impact his life only to implicate an unknown third party. There was no evidence to rebut Mr. Roosevelt's testimony that he sought and obtained confirmation of Ms. Taylor's statement the next day and that he reported the statement to appellant's father because he understood the importance of such information in regard to appellant's case. *Page 11 
 {¶ 23} More significantly, the unrebutted evidence demonstrates that Ms. Taylor is a childhood friend of the injured child's mother, and yet she reported incriminating statements by the mother to Mr. Roosevelt during their conversation about the case. Ms. Taylor testified that she asked Ms. King how she was doing because she knew that the baby had been removed from Ms. King's care soon after the baby suffered the injuries. Accordingly, Ms. King's statement that she thought she shook her baby too hard could only have related to a time prior to the baby's injuries and removal. Further, the baby was five months old at the time he suffered the injuries, and there is nothing in the record to indicate that the baby had suffered any prior injuries.
 {¶ 24} In addition, the evidence establishes that Ms. Taylor was reluctant to report the information to anyone else and that she was in fact angry at both Mr. Roosevelt and the assistant prosecutor who both encouraged her to testify because she did not want to "be involved." It is reasonable to infer under the circumstances that Ms. Taylor would not want to testify and implicate her good friend in regard to the baby's injuries. There is no evidence in the record to indicate any reason why either Mr. Roosevelt or Ms. Taylor would fabricate a story in support of appellant to implicate Nina King.
 {¶ 25} Under the circumstances, it is clear that the witnesses' testimony coupled with appellant's continued denials of harming the baby are "significant enough to constitute a reasonable and legitimate basis for [appellant's desire to *Page 12 
withdraw [his plea]." State v. Jackson (Apr. 13, 2000), 3d Dist. No. 9-99-50. Given the substance of the witnesses' unrebutted testimony and its potential to exculpate appellant, we find the trial court's denial of the motion to withdraw appellant's plea to be an abuse of discretion. Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING APPELLANT'S PLEA WITHOUT INFORMING HIM OF HIS CONSTITUTIONAL RIGHTS[.]"
 ASSIGNMENT OF ERROR III "IT WAS PREJUDICIAL ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BEFORE SENTENCING AFTER THE APPELLANT DEMONSTRATED THAT HIS PLEA WAS BASED UPON MISLEADING INFORMATION ABOUT HIS POTENTIAL SENTENCE."
 ASSIGNMENT OF ERROR IV "THE STATE AND THE TRIAL COURT'S BREACH OF THE PLEA AGREEMENT REQUIRE REVERSAL."
 {¶ 26} Because this Court's decision regarding the second assignment of error is dispositive, we decline to address appellant's first, third and fourth assignments of error.
 III. {¶ 27} Appellant's second assignment of error is sustained. This Court declines to address appellant's first, third and fourth assignments of error. *Page 13 
Appellant's conviction out of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellee. *Page 14 
WHITMORE, J. CONCURS