[Cite as *State v. Adames*, 2017-Ohio-587.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| HUMBERTO ADAMES | : | Case No. 16-CA-45 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Licking County
                                                            Court of Common Pleas, Case No.
                                                            15 CA 343



JUDGMENT:                                           Affirmed



DATE OF JUDGMENT:                            February 13, 2017



APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

PAULA M. SAWYERS                             GEORGE A. KATCHMER
Assistant Prosecuting Attorney              1886 Brock Road NE
20 S. Second Street, 4th Floor              Bloomingburg, Ohio 43106
Newark, Ohio 43055

*Baldwin, J.*

**{¶1}** Appellant Humberto Adames appeals a judgment of the Licking County Common Pleas Court overruling his motion to withdraw his guilty plea to three counts of illegal use of supplemental nutrition or WIC benefits (R.C. 2913.46(B)) and one count of receiving stolen property (R.C. 2913.51(A)). Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 4, 2015, appellant was indicted with three counts of illegal use of supplemental nutrition or WIC benefits and one count of receiving stolen property. He entered guilty pleas to all four counts of the indictment on November 24, 2015. He was represented by counsel and had the assistance of a Spanish interpreter at the hearing. The trial court informed appellant that if he was not a citizen of the United States, the conviction of the offense to which he was pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization. In addition, the written plea form, signed by appellant, included an acknowledgement that he understood the consequences of a conviction upon him if he was not a U.S. citizen. Appellant was convicted and sentenced to two years of community control. Appellant did not file an appeal.

**{¶3}** Appellant filed a motion to withdraw his guilty plea on April 22, 2016, on the basis that his trial counsel was ineffective. He specifically argued that counsel failed to inform him that a plea to a felony requires a mandatory detention and nearly immediate removal from the United States. In an affidavit attached to the motion, appellant stated that his attorney told him to "just say 'yes,yes'" to the judge. He averred that counsel did

not say anything to him about immigration consequences of the plea, and had his attorney told him he would face mandatory detention and deportation, he would not have pled guilty.

{¶4}   The trial court overruled the motion, finding that appellant was specifically advised by the court during the plea colloquy that he could be deported if he was convicted.  He assigns a single error to this Court on appeal:

{¶5}   "A PLEA THAT IS INVOLUNTARY, UNKNOWING AND DUE TO THE INEFFECTIVENESS OF COUNSEL MUST BE VACATED."

{¶6}   Appellant argues that despite the trial court informing him that he could be deported upon conviction, his counsel was ineffective for failing to inform him that a plea to a felony requires mandatory detention and nearly immediate removal from the United States, and he was simply told by his attorney that he must plead guilty.

{¶7}   Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8}   Appellate review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶9}** Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *State v. Dalton*, 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶18. A Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *State v. Bush*, 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶13. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is granted only in extraordinary cases. *State v. Aleshire*, Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶60.

**{¶10}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶11}** We have previously held that a defendant cannot show prejudice from his attorney's failure to inform him of the deportation consequences of a plea if the trial court informed the defendant of the potential immigration consequences during the plea colloquy. *State v. Gallegos-Martinez,* 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶39; *State v. Amagatcher,* 5th Dist. Delaware No. 15 CAC 10 0081, 2016-Ohio-5198, ¶21.

**{¶12}** In the instant case, appellant appeared before the court represented by counsel and with the assistance of an interpreter. The trial court informed appellant:

I'm required to advise you that if you are not a citizen of the United States you are hereby advised that the conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

**{¶13}** Judgment, June 7, 2016, Exhibit A.

**{¶14}** Further, while the trial court appended the page of the transcript in which he informed appellant of the immigration consequences of the plea, appellant has not provided this Court with a full transcript of the plea hearing, which may have demonstrated that counsel did in fact discuss the immigration consequences with appellant prior to his plea. In the absence of a transcript, we must presume regularity in the proceedings below. *Knapp v. Edwards Laboratories,* 61 Ohio St. 2d 197, 199, 400 N.E.2d 384, 385.

**{¶15}** The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Delaney, P.J. and

Wise, J. concur.