[Cite as *State v. Graham*, 2017-Ohio-908.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

LETROY GRAHAM

    Appellant

C.A. No.     28153

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2011 12 3442 (B)

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

---

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Letroy Graham, appeals the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty pleas. We affirm.

I.

{¶2} On July 27, 2012, Graham pleaded guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1), one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4), as well as an attendant criminal forfeiture specification pursuant to R.C. 2941.1417. In exchange for Graham's guilty pleas, two major drug offender specifications were dismissed. The trial court subsequently sentenced Graham to seven years in prison. Graham did not take a direct appeal.

{¶3} On January 17, 2014, Graham filed a motion for leave to file a delayed appeal, which this Court denied, *see State v. Graham*, 9th Dist. Summit No. 27215 (Feb. 5, 2014), as well as a pro se petition for post-conviction relief. The trial court denied Graham's petition for

post-conviction relief, concluding that it lacked jurisdiction to consider the petition. On February 10, 2016, Graham filed a pro se motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. On February 22, 2016, the trial court denied Graham's motion to withdraw his guilty pleas without holding a hearing.

{¶4} Graham filed this timely appeal and raises one assignment of error for our review.

## II.

### Assignment of Error

**[The] trial court erred by denying Appellant Letroy Graham's Motion to Withdraw Guilty Plea, without opposition from [the] State, violating Appellant's U.S. Constitutional rights to counsel and due process.**

{¶5} In his sole assignment of error, Graham argues that the trial court erred by denying his Crim.R. 32.1 motion to withdraw his guilty pleas. Specifically, Graham contends that the ineffectiveness of his trial counsel coupled with the Supreme Court of Ohio's holding in *State v. Gonzales*, Slip Opinion No. 2016-Ohio-8319, warrant the withdrawal of his guilty pleas. We disagree.

{¶6} We review a trial court's ruling on a Crim.R. 32.1 motion for an abuse of discretion. *State v. Cargill*, 9th Dist. Summit Nos. 27011, 27590, 2015-Ohio-661, ¶ 8. Accordingly, since trial courts are vested with discretion when addressing motions to withdraw guilty pleas, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. A trial court abuses its discretion when its decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its

own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶7}** Crim.R. 32.1 pertinently provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "One who enters a guilty plea has no right to withdraw it." (Internal citations omitted.) *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). A defendant filing a post-sentence motion to withdraw a guilty plea "has the burden of establishing the existence of manifest injustice." *Smith* at paragraph one of the syllabus. The term "manifest injustice" has been described as a "clear or openly unjust act." *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *Ruby* at ¶ 11, quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *Brown* at ¶ 9, quoting *Smith* at 264. An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required when the movant fails to submit evidentiary materials demonstrating a manifest injustice. *State v. Buck*, 9th Dist. Lorain No. 04CA008516, 2005-Ohio-2810, ¶ 14.

**{¶8}** Graham's primary basis for moving to withdraw his guilty pleas was that his trial attorneys were ineffective. "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Adames*, 5th Dist. Licking No. 16-CA-45, 2017-Ohio-587, ¶ 9, citing *State v. Dalton*, 153 Ohio

App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). During the course of his criminal proceedings, Graham was represented by three separate attorneys. In support of his Crim.R. 32.1 motion, Graham argued that his second attorney was ineffective for failing to file pretrial motions, that his third attorney was ineffective for failing to brief certain issues concerning the suppression motion that she filed, and that both attorneys were ineffective for failing to request that the cocaine seized at the time of Graham's arrest be tested for its purity.

{¶9} On this latter point, Graham asserted in his Crim.R. 32.1 motion that had his attorneys raised this issue at trial, the State would not have been able to charge him with, and he therefore would not have pleaded guilty to, possession of cocaine as a first-degree felony given the Sixth District Court of Appeals' holding in *State v. Gonzales*, 6th District Wood No. WD-13-086, 2015-Ohio-461. We note, however, that this argument lacks merit substantively. Since the parties filed their respective briefs in this matter, the Supreme Court of Ohio has issued two decisions concerning *Gonzales*. In its first decision, *State v. Gonzales*, Slip Opinion No. 2016-Ohio-8319 (*Gonzales I*), the Supreme Court affirmed the Sixth District's decision, holding that the State, in prosecuting cocaine offenses involving mixed substances under R.C. 2925.11(C)(4)(b) through (f), must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold. *Id*. at ¶ 1. However, the Supreme Court subsequently released a second decision, *see State v. Gonzales* (*Gonzales II*), Slip Opinion No. 2017-Ohio-777, wherein it granted the State's motion for reconsideration, vacated its decision in *Gonzales I*, and reversed the judgment of the Sixth District Court of Appeals. *Id*. at ¶ 3. Accordingly, Graham's reliance upon the Sixth District's holding in *Gonzales* is without merit.

{¶10} Moreover, "[t]he doctrine of res judicata 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *State v. Boware*, 9th Dist. Summit No. 27446, 2014–Ohio–5779, ¶ 6, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 59. Several Ohio appellate courts have repeatedly applied the doctrine of res judicata to Crim.R. 32.1 motions. *See State v. Miller*, 9th Dist. Lorain No. 03CA008259, 2003-Ohio-6580, ¶ 9*; see also State v. Frazier*, 4th Dist. Pickaway No. 15CA14, 2016-Ohio-5306, ¶ 13, citing *State v. Bryukhanova*, 6th Dist. Fulton No. F-10-002, 2010-Ohio-5504, ¶ 12 (collecting cases).

{¶11} Here, Graham pleaded guilty to both drug-related offenses contained in the indictment, as well as the criminal forfeiture specification. It is undisputed that Graham did not take a direct appeal, but instead elected to file several post-sentence motions over the course of four years. However, each of Graham's ineffective assistance of counsel arguments raised in his Crim.R. 32.1 motion were arguments that he could have raised on direct appeal. As such, we conclude that Graham's arguments are now barred by the doctrine of res judicata.

{¶12} Lastly, "when a defendant pleads guilty, he waives all claims of ineffective assistance of counsel, except to the extent that counsel's performance caused an unknowing and involuntary plea." *Id.*, citing *State v. Brown*, 4th Dist. Highland No. 07CA2, 2007-Ohio-5008, ¶ 16. A review of Graham's Crim.R. 32.1 motion indicates that Graham did not argue that his trial attorneys' respective performances caused him to make an unknowing and involuntary plea. Thus, Graham has waived the ineffective assistance of counsel arguments contained in his Crim.R. 32.1 motion.

**{¶13}** For the aforementioned reasons, we determine that the trial court did not abuse its discretion by denying Graham's post-sentence motion to withdraw his guilty pleas. Accordingly, Graham's assignment of error is overruled.

### III.

**{¶14}** With Graham's sole assignment of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

LETROY GRAHAM, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.