[Cite as *State v. Owens*, 2025-Ohio-1908.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

TERRANCE OWENS

    Appellant

C.A. No.      31081

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR-2022-02-0564-A

DECISION AND JOURNAL ENTRY

Dated: May 28, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1}    Defendant-Appellant, Terrance Owens appeals the judgment of the Summit County Court of Common Pleas denying his pre-sentence motion to withdraw his guilty plea. This Court affirms.

I.

{¶2}    On or about January 9, 2022, T.F. was killed by gunfire in Summit County, Ohio. On February 23, 2024, the grand jury indicted Owens on the following counts associated with the incident: one count of aggravated murder, an unclassified felony, in violation of R.C. 2903.01(B), with an associated firearms specification pursuant to R.C. 2941.145(A), two counts of murder, both unclassified felonies, in violation of R.C. 2903.02, both with an associated firearms specification pursuant to R.C. 2941.145(A), one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A), with an associated firearms specification pursuant to R.C. 2941.145(A), one count of felonious assault, a felony of the second degree, in violation of R.C.

2903.11(A), with an associated firearms specification pursuant to R.C. 2941.145(A), one count of improperly discharging a firearm at or into a habitation or a school safety zone, a felony of the second degree, in violation of R.C. 2923.161(A), with an associated firearms specification pursuant to R.C. 2941.145(A), and two counts of having weapons while under disability, felonies of the third degree, in violation of R.C. 2923.13(A). Owens pleaded not guilty, and the matter proceeded through the pretrial process.

{¶3} The matter was set for a status hearing on December 11, 2023, approximately one week before the date set for trial. The status hearing was converted to a plea hearing when Owens withdrew his not guilty plea pursuant to a plea agreement negotiated between the State and Owens' then counsel. Following a Crim.R. 11 plea colloquy with the trial court, Owens entered pleas of guilty to: (1) one count of voluntary manslaughter, a felony of the first degree (as amended from one of the counts of murder), in violation of R.C. 2903.03(A), with an associated firearms specification, (2) one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1)(C) with an associated firearms specification, (3) one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3)(B), and (4) one count of improperly discharging a firearm at or into a habitation or a school safety zone, a felony of the second degree, in violation of R.C. 2923.161(A)(1)(C), with an associated firearms specification. Pursuant to the plea agreement, Owens agreed to enter the preceding pleas of guilty in exchange for the State filing a motion to dismiss the remaining counts in the indictment and recommending Owens serve twenty-six years in prison. The trial court stated on the record it was inclined to follow the State's sentencing recommendation and set the matter for a sentencing hearing on January 23, 2024.

{¶4} At the sentencing hearing, after the trial court heard a victim impact statement from T.F.'s family, but before the trial court imposed a sentence, Owens orally advised the court he wished to withdraw his plea. Owens stated, "I never asked to put in this plea to 26 years. I never talked to my lawyers about it. I never did none of that. So I ask, . . . please take back this plea and give me a chance to fight this case and prove my innocence." The trial court asked Owens if he was kidding, to which Owens replied "No." The trial court construed Owens' statement as a motion to withdraw his plea and set the matter for a hearing. The trial court also appointed new counsel to represent Owens at the hearing.

{¶5} Owens' motion to withdraw his plea came for hearing on February 27, 2024. The trial court heard arguments from the State and Owens' newly appointed counsel and heard testimony from Owens in support of his motion. Following the hearing, the trial court denied Owens' motion to withdraw his plea, finding that "[i]t appear[ed] to the Court that Mr. Owens has had a change of heart with his plea" and such was not a sufficient justification to withdraw the plea. The trial court further found that Owens was represented by "highly competent counsel" throughout the case, the trial court held a full Crim.R. 11 plea hearing prior to accepting his plea, and the trial court afforded Owens a "complete and impartial hearing" on his motion to withdraw, during which the trial court gave his request full and fair consideration. The trial court immediately proceeded to sentencing.

{¶6} The trial court stated it did not believe Owens' motion to withdraw his plea was made in good faith but that the trial court would still impose the State's recommended sentence pursuant to the plea agreement. The trial court sentenced Owens as follows: (1) on amended count two, voluntary manslaughter, a felony of the first degree, an indefinite term of a minimum of ten years and a maximum of fifteen years of incarceration, (2) on the firearm specification attached to

amended count two, a mandatory term of three years of incarceration, (3) on count four, aggravated robbery, a felony of the first degree, an indefinite term of a minimum of ten years and a maximum of fifteen years of incarceration, (4) on the firearm specification attached to count four, a mandatory three years of incarceration, (5) on count six, having weapons while under disability, a felony of the third degree, a definite term of three years of incarceration, (6) on count seven, improper discharge of a firearm at or in a habitation or a school safety zone, a felony of the second degree, an indefinite term of a minimum of two years and a maximum of three years of incarceration, and (7) on the firearm specification attached to count seven, a mandatory three year term of incarceration. The trial court ordered the sentences imposed on amended count two, count four, and the firearm specifications attached to amended count two and count four to run consecutively to one another and the sentences imposed on count six, count seven, and the firearm specification attached to count seven to run concurrently with the former, for a total indefinite term of a minimum of twenty years and a possible, aggregate maximum of twenty-five years, after the six-year mandatory term on the firearm specifications attached to counts two and four.

{¶7} Owens filed this timely appeal, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE HIS PLEA PRIOR TO SENTENCING.**

{¶8} In his sole assignment of error, Owens argues the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea. Specifically, Owens argues that the trial court erred because (1) the trial court applied the wrong standard in considering

Owens' motion to withdraw, and (2) Owens articulated a reasonable basis for withdrawing his plea. Upon review, we disagree.

{¶9} Pursuant to Crim.R. 32.1 a defendant who has pleaded guilty may move the trial court to withdraw that plea prior to sentencing. "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. Manning*, 2024-Ohio-1964, ¶ 7 (9th Dist.), quoting *State v. Robinson*, 2016-Ohio-8444, ¶ 9 (9th Dist.). "Accordingly, since trial courts are vested with discretion when addressing motions to withdraw guilty pleas, 'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by [the trial] court." (Alteration in original.) *State v. Graham*, 2017-Ohio-908, ¶ 6 (9th Dist.), quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Manning* at ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Although a presentence motion to withdraw a guilty plea "should be freely and liberally granted[,]" there is no "absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "Although a defendant bears the burden of demonstrating a legitimate basis to withdraw his plea, '[a] trial court must conduct a hearing' to determine whether such a basis exists." *State v. Jones*, 2012-Ohio-6150, ¶ 37 (9th Dist.), quoting *Xie* at paragraph one of the syllabus.

{¶11} A trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

*State v. Herring*, 2023-Ohio-4851, ¶ 23 (9th Dist.), quoting *State v. Pamer*, 2004-Ohio-7190, ¶ 10 (9th Dist.). A trial court must also take into consideration "'the facts and circumstances of each case.'" *State v. West*, 2005-Ohio-990, ¶ 22 (9th Dist.), quoting *Pamer* at ¶ 11. Additional factors that may be relevant to the court's inquiry include:

1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge.

(Internal citations omitted.) *State v. Wheeland*, 2007-Ohio-1213, ¶ 12 (9th Dist.). "A mere 'change of heart' does not constitute a legitimate basis for the withdrawal of a guilty plea." *State v. Brown*, 2007-Ohio-7028, ¶ 23 (9th Dist.), quoting *State v. Miller*, 2000 WL 988762, *1 (9th Dist. July 19, 2000)

{¶12} First, Owens asserts the trial court "gave indication" that it applied the wrong legal standard when considering Owens' motion to withdraw his plea. Owens bases this assertion on statements made by the trial judge immediately after Owens orally requested to withdraw his guilty plea at the January 23, 2024 plea hearing. Those statements include, "Are you kidding?" and the statement that the trial judge believed Owens' plea had been "knowing[ly], intelligent[ly] and voluntar[ily]" made. However, a review of the trial court's reasoning as stated on the record at the conclusion of the February 27, 2024 hearing on Owens' oral motion to withdraw his guilty plea, shows the trial court applied the standard outlined above. Specifically, the trial court denied

Owens' motion to withdraw after noting on the record that "the right to withdraw your plea is not absolute" and finding (1) "[i] appear[ed] to the Court that Mr. Owens has had a change of heart with his plea[,]" and that such "is not sufficient justification to withdraw the plea . . .", (2) Owens had not made a claim that his trial counsel was ineffective, (3) although Owens claimed to have felt stress, pressure, or some sort of coercion to plead, he had not identified anything coercive about the communication he received from his trial counsel, (4) Owens was represented by competent counsel throughout the case, (5) the trial court held a full Crim.R. 11 plea hearing prior to accepting his plea, and (6) the trial court afforded Owens a "complete and impartial hearing" on his motion to withdraw, during which the trial court gave his request "full and fair consideration . . . ." Consequently, Owens' assertion that the trial court applied the wrong legal standard has no merit.

{¶13} Next, Owens asserts the trial court should have allowed him to withdraw his plea because he articulated a reasonable basis for doing so—that "[h]e stated he felt 'scared' and had been pressured into accepting the plea offer by his counsel." Notably, Owens does not dispute that he was represented by competent counsel throughout this case, does not dispute that the trial court afforded him a full hearing before entering his plea, and does not dispute that the trial court held a full hearing on his motion to withdraw wherein the trial court considered Owens' argument in support of his motion to withdraw. Owens also does not argue on appeal that he did not understand the terms of the plea agreement or the rights he waived.

{¶14} At the hearing on his motion to withdraw his plea, Owens argued he felt coerced into taking the plea deal. In support of this contention, Owens testified that although approximately two weeks before the original trial date his trial counsel presented him with the negotiated plea offer, he did not agree to accept the offer at that time. Owens then stated that his

trial counsel told him they would return and speak with him about his decision at a later time. However, according to Owens, he did not see his trial counsel again until the date of the status conference/plea hearing.

{¶15} Owens testified that prior to entering the courtroom on the day of the plea hearing, he spoke to his trial counsel for about an hour and agreed to accept the offer. When Owens' newly appointed counsel asked him why he accepted the plea offer, Owens testified:

> I was scared . . . I never been through trial. I never been convicted of nothing. I always pled out before I get to the trial stage, so I didn't know how everything would take – how this stuff goes or nothing.

Owens stated that during the conversation with his trial counsel before the plea hearing, counsel placed a phone call to his mother and asked her whether she had enough money to pay trial counsel to represent Owens at trial. Owens testified that his mother responded that she did not. It is undisputed that Owens' mother retained Owens' trial counsel to represent him. Owens further testified that after this exchange, he "said something" to his trial counsel about getting an appointed attorney, but that his trial counsel "said that it didn't matter." When the trial court asked Owens to clarify "what doesn't matter?" Owens replied, "I don't know."

{¶16} During cross-examination, the prosecutor asked Owens, "So you are saying – you are now saying that you felt coerced because you couldn't afford an attorney?", to which Owens replied, "Yep." The prosecutor then elicited testimony from Owens regarding the events leading up to his oral motion to withdraw his plea. Owens conceded he had an opportunity to speak to his trial counsel before the plea hearing and that he had replied "no" when the trial court asked him during the hearing if anyone had made him any promises or threatened him in any way to induce him into entering his plea. Owens conceded that, during the plea hearing, he had again replied "no" when the trial court specifically asked him if he needed additional time to speak with his

attorneys before proceeding. Owens also acknowledged that he had replied "yes" when the trial court inquired whether he was satisfied with his trial counsel and that he had not raised any concerns with the trial court during the plea hearing despite repeated inquiries. Finally, Owens conceded during cross-examination that he understood he could request a court appointed attorney but attempted to qualify this concession by stating he did not know if he could request an appointed attorney one week before trial. Owens then acknowledged he did not raise the issue with the trial court during the plea hearing.

{¶17} During cross-examination, Owens also acknowledged that two days after the plea hearing, he made a phone call from the Summit County Jail to an individual to whom he spoke about the plea agreement. Owens admitted that during this call, he told the individual he had entered the plea because he did not want to risk being sentenced to life in prison. When asked whether he had lied to the individual, Owens replied "I wasn't lying. I was scared."

{¶18} Upon review of the record and in light of the factors outlined above, we cannot conclude that the trial court abused its discretion when it denied Owens' motion to withdraw. A review of the trial court's findings shows the trial court did not find Owens' assertion that he was pressured into accepting the negotiated plea deal to be credible and that Owens merely had "change of heart with his plea." "'[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by [the trial] court." *Graham*, 2017-Ohio-908, at ¶ 6 (9th Dist.), quoting *Smith*, 49 Ohio St.2d (1977), at paragraph two of the syllabus. There is nothing in the record to suggest that Owens' trial counsel improperly coerced him into accepting the plea agreement. Owens' own testimony suggests that his trial counsel merely advised him that his mother was unable or unwilling to pay their fees to represent him at trial and no more. Furthermore, a review of the plea hearing transcript shows that Owens entered his pleas of guilty

with a complete understanding of the nature of the charges against him and the penalties that he could face.

**{¶19}** Owens' sole assignment of error is overruled.

### III.

**{¶20}** Owens' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————
JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
CONCURRING.

{¶21} I concur. I would continue to apply the standards that this Court, and Districts across Ohio, have long used in reviewing whether a trial court has abused its discretion in ruling on a presentence motion to withdraw plea. *See State v. Wheeland*, 2007-Ohio-1213, ¶ 8-12 (9th Dist.). This includes the use and discussion of the factors set forth in *Wheeland*. *See Wheeland* at ¶ 12-25; *State v. Gallagher*, 2009-Ohio-2636, ¶ 10-39 (7th Dist.) (discussing each of the factors in detail in its analysis). Given that Crim.R. 32.1 does not list any factors courts should consider in their review, I believe it is important to make it clear what those factors are so that trial courts are aware of what this Court will consider in determining whether trial courts abused their discretion.

{¶22} After considering the facts of the case in light of the standard and the nine factors, I agree that the trial court did not abuse its discretion in denying Owens' motion to withdraw his plea. At the hearing, the prosecutor acknowledged that a presentence motion to withdraw a plea should be freely and liberally granted, but also pointed out that a defendant must demonstrate that he has a reasonable and legitimate basis to withdraw the plea. *See State v. Xie*, 62 Ohio St.3d 521, 527 (1992). The trial court reiterated that standard, indicated that it had given Owens' motion full and fair consideration, and had previously appointed him new counsel for the hearing on the motion to withdraw so that he might "have another independent counsel to seek advice from regarding [his] motion." Of particular note, Owens only moved to withdraw his plea on the day of sentencing after the murder victim's family addressed the trial court, weeks after he entered his plea. This was prejudicial to not only the State, but also the victims, who also have rights under the Ohio Constitution. Additionally, throughout the course of the proceedings, Owens filed for

and received multiple continuances. Further, at the hearing on the motion to withdraw, there was evidence presented that, after pleading guilty, in a jail call, Owens told an unidentified female that he "didn't want to risk taking life" and that was why he entered the plea. He also commented that, "26 years ain't so bad[.]" This provides support for the trial court's conclusion that Owens' motion merely reflected a change of heart, which is not a sufficient basis to support his motion. *See State v. Harrell*, 2022-Ohio-3217, ¶ 13 (9th Dist.). Overall, I agree that Owens failed to demonstrate that the trial court abused its discretion in denying his motion to withdraw his plea.

STEVENSON, J.
DISSENTING.

{¶23} I respectfully dissent from the majority's opinion in this case because I would find that the trial court applied the wrong standard and abused its discretion as it did not freely and liberally consider granting Owens' motion to withdraw his plea.

{¶24} I have recently expressed my views of the appropriate standard for trial courts to apply when considering presentence motions to withdraw a guilty plea in a concurring opinion in *State v Gove*, 2025-Ohio-701 (9th Dist.). I find that trial courts should be solely guided by the Ohio Supreme Court's standard set forth in *Xie*, 62 Ohio St.3d 521 and reinforced in *State v Barnes*, 2022-Ohio-4486. In those cases, the Ohio Supreme Court found that presentence motions to withdraw a plea should be addressed by trial courts with the following in mind: 1) They should be *freely and liberally granted*; 2) The trial court must conduct a hearing on the motion to determine if there is a reasonable and legitimate basis for the withdrawal of the plea; 3) When deciding the motion, the trial court has discretion in determining whether a defendant has presented a reasonable and legitimate basis; and 4) When exercising its discretion, the trial court must be guided by the presumption that a presentence motion to withdraw a guilty plea should be granted. *Xie* at 527;

*Barnes* at ¶ 21. I cannot read the decisions in Owens' case as freely and liberally considering granting his motion.

{¶25} Instead of freely and liberally considering granting Owens' motion to withdraw his plea, the trial court primarily considered tests appellate courts have adopted that do not give any indication of freely and liberally granting these motions. The first test the trial court used was from this Court's decision in *Pamer*, 2004-Ohio-7190 (9th Dist.) which essentially considers whether the defendant was represented by competent counsel, whether he had a full Crim.R. 11 hearing before entering his plea, and whether the trial court granted him a hearing on his motion to withdraw his plea. *Id*. at ¶ 10. As I cautioned in *Gove*, I find that this test focuses solely on the procedural protections afforded a defendant when entering a plea and not on the defendant's reasons for moving to withdraw the plea as required by *Xie* and *Barnes*. The other test the trial court relied on is the "mere change of heart" test first adopted by this Court in *Brown*, 2007-Ohio-7028, ¶ 23 (9th Dist.). In *Gove*, I stated that all motions to withdraw a plea are based on a change of heart, thus this standard is meaningless unless the court provides guidance on what constitutes more than a "mere change of heart." Because the Ohio Supreme Court provided that guidance in *Xie* and *Barnes* and determined that these motions should be granted when a defendant presents a "reasonable and legitimate basis" to withdraw his plea, this Court should clearly follow the Supreme Court standard and retire the "mere change of heart" standard.[1]

{¶26} As I expressed in *Gove*, I find that trial courts' utilization of the above tests obscures their obligation to freely and liberally consider granting a defendant's presentence motion to withdraw a plea. When I read the trial court's decision in this case, I have no sense it was freely

---

[1] For a more detailed discussion of the standards to withdraw a presentence motion to withdraw a guilty plea, see *Gove* at ¶ 19-32.

and liberally considering a motion it should grant; rather, I find a trial court that appears it would grant Owens' motion only as a last resort. At best, the trial court appeared to be concluding that because it properly took Owens' plea, he cannot withdraw it. I believe the standards from *Pamer* and *Brown* encourage trial courts to improperly focus on the procedural mechanics of taking a plea, violating the spirit of *Xie* and *Barnes.*

{¶27} I would also find that the trial court abused its discretion to the extent it reviewed Owens' reasonable and legitimate basis for withdrawing his plea. During the initial sentencing hearing, when Owens orally moved to withdraw his plea, the trial judge's response was "[a]re you kidding?" and "I have every confidence that you made a knowing, intelligent and voluntary waiver of your rights when you pled guilty." The trial judge further stated, "[i]f the law requires me to allow you to withdraw the plea, we'll consider it at that time." It is hard to read these statements and find the trial court considered whether Owens' motion should be freely and liberally granted. Those statements also raise concerns that the trial court pre-judged Owens' motion as meritless prior to exercising her discretion after a full hearing on the motion.

{¶28} Moreover, in her oral ruling on Owens' motion, the trial judge briefly mentioned Owens' feelings of coercion but stated that she did not understand his specific reasons he felt that way. The trial judge explained that she thought Owens was "just" saying that he believed he could not proceed with these attorneys as they did not want to represent him. Owens was on trial for murder. It seems more than "just" significant that his attorneys did not want to represent him if that was true. The record was clear on this point from Owens' testimony. He testified that his counsel did not visit him again as promised to discuss the plea offer before the status conference and told him that he could not go to trial because he lacked the money to do so. Owens also testified that he did not believe he could substitute appointed counsel for retained counsel so close to trial.

This is a straightforward explanation of his alleged coercion and not particularly difficult to understand by a court reasonably attempting to exercise its discretion. While the trial court is not required to find a defendant's proffered basis for withdrawing his plea credible, it should at a minimum understand it. If the court meant that it did not find Owens to be credible regarding his allegation of coercion rather than just did not understand the basis of his claim, it could have simply said so. Based on the trial court's statements that indicated it was far from liberally and freely considering granting Owens' motion and that it was unable or unwilling to understand his claim, I would find the trial court abused its discretion.

{¶29} Lastly, the trial court and the majority generally ignore Owens' claim that he was innocent. I agree with the Seventh District that special care must be taken when reviewing a motion to withdraw a plea when a defendant asserts his innocence.

> [W]hen a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused. That is, in such a situation we have the inconvenience to the state of proving the guilt of a defendant at trial versus the possibility that a person has pled guilty to a crime they did not commit. Absent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain . . . the potential harm to the state in vacating the plea is slight, whereas the potential harm to the defendant in refusing to vacate the plea is great.

*State v. Cuthbertson*, 139 Ohio App.3d 895, 899-900 (7th Dist. 2000). In *Barnes,* the Supreme Court stated that tests such as those in *Pamer* and *Brown* do not apply to cases involving newly discovered evidence. *Barnes*, 2022-Ohio-4486, at ¶ 24. Because I would find that courts should extend special care to defendants asserting innocence in the context of presentence withdrawal of a plea, I would put these cases in the same category as the cases involving newly discovered evidence claims under the *Barnes*' exception and not apply the *Pamer* and *Brown* standards to cases in which a defendant claims innocence.

{¶30} Because I would decide the trial court applied the wrong standard in reviewing a motion to withdraw a guilty plea, and that the trial court abused its discretion by failing to freely and liberally consider whether it should grant Owens' motion, I respectfully dissent from the majority opinion.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.