DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Jack Carroll has appealed from his convictions and sentence in the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} On January 18, 2006, Appellant was indicted on the following counts: one count of possession of cocaine in violation of R.C. 2925.11; one count of possession of drug paraphernalia in violation of R.C.2925.14; one count of trafficking in cocaine in violation of R.C.2925.03; and one count of possession of criminal tools in violation of R.C. 2923.24. On June 2, 2006, Appellant moved to suppress the evidence that generated the charges against him. The trial court *Page 2 
held a hearing on the motion to suppress on July 27, 2006. At that hearing, the court heard evidence from Deputy Steven Fuller and from Appellant's witness, Patricia Leyva.
 {¶ 3} On August 2, 2006, the trial court denied Appellant's motion to suppress. Appellant's trial was to start on this date. Before his trial began, Appellant's counsel moved to continue the trial because Ms. Leyva was not available to testify because she was incarcerated. Appellant's counsel had not issued a subpoena for Ms. Leyva. The trial court denied the motion to continue and asked whether Appellant was ready to proceed. At that time, Appellant entered a guilty plea to the indictment. On September 20, 2006, Appellant moved to withdraw his guilty plea. The trial court denied Appellant's motion and continued to sentencing on September 21, 2006. Appellant has timely appealed from his convictions and sentence, raising one assignment of error for review.
 II Assignment of Error "APPELLANT CARROLL WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION."
 {¶ 4} In his sole assignment of error, Appellant has alleged that his trial counsel was ineffective. Specifically, Appellant has asserted that his trial counsel *Page 3 
failed to subpoena a witness for his suppression hearing. This Court finds no merit in Appellant's argument.
 {¶ 5} A guilty plea waives the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance of counsel caused the guilty plea to be involuntary. State v. Barnett (1991), 73 Ohio App.3d 244, 248; State v. Dallas, 9th Dist. No. 06CA0033,2007-Ohio-1214, at ¶ 4. In the instant matter, Appellant pled guilty to the charges against him. On appeal, Appellant has not argued that his trial counsel's ineffectiveness caused his guilty plea to be involuntary. Accordingly, his guilty plea waived the right to raise the ineffectiveness of his trial counsel.
 {¶ 6} Moreoever, assuming arguendo that Appellant has not waived this issue for review, his assignment of error still must be overruled. A claim of ineffective assistance of counsel requires appellant to satisfy a two-prong test. First, he must prove that trial counsel's performance was deficient. Strickland v. Washington (1984), 466 U.S. 668, 687. Appellant "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by theSixth Amendment." State v. Srock, 9th Dist. No. 22812, 2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Appellant must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. *Page 4 Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Further, this Court need not analyze both prongs of theStrickland test if we find that appellant failed to prove either.State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Finally, Appellant must overcome the strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 7} In his argument, Appellant has asserted that his counsel failed to subpoena a witness for trial. However, the record reflects that this witness, Patricia Leyva, in fact testified at the suppression hearing. A review of the record indicates that Ms. Leyva was not later subpoenaed for the trial of this matter. Appellant, however, has not argued how Ms. Leyva's testimony would have altered the result of his trial. In fact, Appellant has not argued the prejudice prong of ineffectiveness of counsel in any manner on appeal. Accordingly, Appellant has failed in his burden of demonstrating prejudice. Appellant's assignment of error, therefore, is overruled.
 III {¶ 8} Appellant's sole assignment of error lacks merit. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, J., MOORE, J., CONCUR *Page 1