**[Cite as *State v. Neitz*, 2019-Ohio-439.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0024-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICHOLAS NEITZ | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CR0664 |

DECISION AND JOURNAL ENTRY

Dated: February 11, 2019

HENSAL, Judge.

{¶1} Nicholas Neitz appeals his convictions and sentence in the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} According to Mr. Neitz, he allowed a police officer who was conducting an investigation to view the files on his cellphone. Although unrelated to the investigation, the officer discovered nude pictures and videos of two of Mr. Neitz's former girlfriends and another girl on the phone. Mr. Neitz was over 18 years old at the time the officer discovered the files, but the girls were between 15 and 17 years old at the time they sent them to Mr. Neitz. The Grand Jury subsequently indicted Mr. Neitz on two counts of pandering sexually-oriented matter involving a minor under Revised Code section 2907.322(A)(5) and one count of illegal use of a minor in nudity-oriented material or performance under Section 2907.323(A)(3).

{¶3}    Mr. Neitz agreed to plead guilty to one of the offenses under Section 2907.322(A)(5) and to the offense under Section 2907.323(A)(3) in exchange for the dismissal of the third offense and the State's agreement to recommend a non-residential community control sanction at sentencing.  The trial court sentenced Mr. Neitz to 90 days in jail and three years of community control.  It also ordered him to register as a sex offender for 25 years.  Mr. Neitz has appealed his convictions and sentence, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO DISCLOSE INFORMATION AND/OR STATEMENTS INCLUDED IN THE PRE-SENTENCE REPORT AND/OR VICTIM IMPACT STATEMENT TO APPELLANT PRIOR TO SENTENCING.

{¶4}    In his first assignment of error, Mr. Neitz argues that the State failed to provide him with a full copy of the pre-sentence investigation report before sentencing.  In particular, he argues that he was not provided with several pages of the report, including the ones with the probation department's sentencing recommendations, the ones showing the probation department's weighing of the sentencing factors and the facts it relied on in support of those decisions, and any of the additional information that was included in the probation department's sentencing evaluation.  He also argues that he was not allowed to see a secret victim impact statement that the mother of one of his former girlfriends prepared, in violation of his right to confrontation.  He further argues that it was improper for the court to consider the mother's statement because she was not an authorized representative of his former girlfriend.

{¶5}    Mr. Neitz acknowledges that he received part of the pre-sentence investigation report.  Each page of the report indicates that it is "[p]age * * * of 12[.]"  Accordingly, it would have been apparent to Mr. Neitz before the sentencing hearing that he had not received the entire

report. He did not file a motion regarding his failure to receive the entire report before the sentencing hearing or make an objection at the sentencing hearing about not receiving some of its pages. We, therefore, conclude that Mr. Neitz has forfeited his argument concerning the pre-sentence investigation report. *See State v. Fitzgerald*, 9th Dist. Summit No. 23072, 2007-Ohio-701, ¶ 8 ("[A] forfeiture occurs where a party fails to assert a right or make an objection before the trial court in a timely fashion."). Although this Court may still review for plain error, Mr. Neitz has not developed a plain error argument in his appellate brief, and this Court declines to construct one for him. Crim.R. 52(B); *State v. Thomas*, 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 15 (declining to address constitutional argument that was not raised in the trial court).

{¶6} Regarding Mr. Neitz's allegation that the mother of one of his former girlfriends was able to submit a secret victim impact statement, we note that the prosecutor referred to the statement on the record near the beginning of the sentencing hearing. The prosecutor told the court that the mother and Mr. Neitz's former girlfriend were in the courtroom and that he did not believe that they wanted to speak, but that he "believe[d] a victim's impact statement was turned in by [the] mother." Mr. Neitz did not object to the submission of the statement or allege that he had been unable to review it. We, therefore, conclude that he has also forfeited consideration of his arguments about the victim impact statement. We note that Mr. Neitz has not developed a plain error argument about the victim impact statement in his brief, and we decline to construct one for him. *Thomas* at ¶ 15. Mr. Neitz's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN CONSIDERING ALLEGATIONS OF CRIMINAL CONDUCT RELATIVE TO COUNTS DISMISSED BY THE STATE OF OHIO AS PART OF THE PARTIES' PLEA AGREEMENT.

{¶7}    In his second assignment of error, Mr. Neitz argues that the trial court improperly considered the circumstances surrounding one of his former girlfriends at sentencing because the charge relating to that girlfriend was the one that was dismissed.  At the sentencing hearing, the State noted that Mr. Neitz had only told the probation department about the circumstances relating to two of the girls who sent him nude images.  Before sentencing Mr. Neitz, the court asked him about the third girl.  Mr. Neitz told the court that he had not described what happened with the third girl to the probation department because his attorney had advised him that the charge involving that girl was the one that was dropped.  He proceeded to explain to the court how the pictures of the girl ended up on his phone.  Mr. Neitz argues that, because he only pleaded guilty to two charges, only two of the girls could be considered victims.  He argues that the court improperly punished him for his behavior toward someone who was not a victim of the offenses.

{¶8}    The Ohio Supreme Court has recognized that "a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted." *State v. Wiles*, 59 Ohio St.3d 71, 78 (1991), quoting *United States v. Donelson*, 695 F.2d 583, 590 (2d Cir.1982).  Moreover, the charges in Mr. Neitz's indictment do not refer to any particular victim.  Each simply referred to "a minor" without any additional identifying information.  Each of the offenses is alleged to have occurred on or about July 5, 2017, which is the date that the officer discovered the files on Mr. Neitz' s phone, not the date that the girls sent the files to Mr. Neitz.  The bill of particulars that is in the record does not contain any additional information that associates each of the counts to any particular girl.  The parties also did not state anything during Mr. Neitz's plea hearing that suggests that the dismissed charge related to a specific girl.  Accordingly, we conclude that Mr. Neitz has failed to establish that the trial court

erred when it considered the circumstances pertaining to all three girls in determining his sentence. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."). Mr. Neitz's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> TRIAL COUNSEL WAS INEFFECTIVE IN THAT: HE FAILED TO CHALLENGE THE POLICE OFFICER'S AUTHORITY TO INVESTIGATE; HE FAILED TO CHALLENGE THE ILLEGAL SEARCH OF APPELLANT'S PHONE; AND, HE FAILED TO CHALLENGE THE CONSTITUTIONALITY OF THE CRIMINAL STATUTES WHICH HAVE CRIMINALIZED A CONSENSUAL, LEGAL AND CONSTITUTIONALLY PROTECTED SEXUAL RELATIONSHIP.

{¶9} In his third assignment of error, Mr. Neitz argues that his trial counsel was ineffective. He argues that his trial counsel should have moved to suppress the files that were found on his phone because the officer who found them was pursing an unauthorized investigation. He also argues that his counsel should have challenged the constitutionality of the charges against him. A guilty plea, however, "waives the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance of counsel caused the guilty plea to be involuntary." *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5; *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 16. Mr. Neitz has not argued that his trial counsel's ineffectiveness caused his plea to be involuntary. We, therefore, conclude that he has waived his ineffective-assistance-of-counsel arguments. *Carroll* at ¶ 5; *Emich* at ¶ 16. Mr. Neitz's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE GRAND JURY INDICTMENT FAILED TO INCLUDE A FINDING OF PROBABLE CAUSE AND IS THEREFORE VOID HAVING FAILED ITS PRIMARY PURPOSE.

{¶10} In his fourth assignment of error, Mr. Neitz argues that the indictment was void because it did not include a finding of probable cause. In *State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M, 16CA0034-M, 2017-Ohio-5482, this Court considered the same issue and concluded that an indictment does not need to include a finding of probable cause. *Id*. at ¶ 6. Moreover, because Mr. Neitz did not challenge his indictment in the trial court, he has forfeited all but plain error. *Id*. at ¶ 7. We note that he has not argued plain error in his appellate brief, and we decline to create such an argument on his behalf. *Id*. Mr. Neitz's fourth assignment of error is overruled.

III.

{¶11} Mr. Neitz's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

MICHAEL CALLOW, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prsosecuting Attorney, for Appellee.