[Cite as *State v. Troyer*, 2022-Ohio-1903.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 21AP0051 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SAMUEL D. TROYER | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2020 CRC-I 000401 |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2022

CALLAHAN, Judge.

{¶1} Appellant, Samuel Troyer, appeals his convictions following a guilty plea in the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Troyer was indicted on nine counts of rape that represented a pattern of conduct that occurred between 2012 and 2019. Mr. Troyer pleaded guilty to count three, alleging that the victim, his younger sister, was under thirteen years of age, in violation of R.C. 2907.02(A)(1)(b). He also pleaded guilty to counts four through nine, which alleged that the victim was purposely compelled to submit by force or threat of force, in violation of R.C. 2907.02(A)(2). Counts one and two were dismissed. Mr. Troyer retained new counsel following the entry of his plea but before the sentencing hearing. On July 11, 2021, he moved to withdraw his guilty plea, arguing that the plea was not knowingly and voluntarily entered because he did not understand the ramifications of pleading guilty and received ineffective assistance of counsel. In a supplement to

his motion to withdraw the guilty plea, he also maintained that he had "merely cooperated, and was obedient, as he was taught to do in school and everyday in the Amish community. Otherwise, he would be shunned. [Mr. Troyer] was afraid that the community would shun him if he questioned or challenged the direction of elders."

{¶3} The trial court denied Mr. Troyer's motion to withdraw the guilty plea after conducting a hearing. The trial court sentenced Mr. Troyer to a term of ten years to life in prison for count three, rape in violation of R.C. 2907.02(A)(1)(b), and concurrent prison terms of six to nine years on each of the remaining counts of rape in violation of R.C. 2907.02(A)(2).

{¶4} Mr. Troyer appealed, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ERRED IN DENYING APPELLANT, SAMUEL TROYER['S], MOTION TO WITHDRAW GUILTY PLEA PRIOR TO SENTENCING.

{¶5} Mr. Troyer's first assignment of error argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. This Court does not agree.

{¶6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." There is no "absolute right" to withdraw a guilty plea before sentencing. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. Nevertheless, motions filed before sentencing should be granted "freely and liberally[.]" *Id*. at 527. A trial court must conduct a hearing to determine whether the defendant has demonstrated a "'reasonable and legitimate basis'" to withdraw the plea, but it is within the trial court's discretion to determine the nature and scope of

that hearing. *State v. Benson*, 9th Dist. Summit Nos. 28527, 28577, 28578, 28579, 2017-Ohio-8150, ¶ 7, quoting *Xie* at paragraph one of the syllabus and *Lorain v. Price*, 9th Dist. Lorain No. 96CA006314, 1996 WL 556916, *2 (Oct. 2, 1996).

**{¶7}** In every case, the defendant bears the burden of demonstrating that there is a reasonable and legitimate basis for withdrawing the plea. *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶ 37, quoting *State v. DeWille*, 9th Dist. Medina No. 2101, 1992 WL 323896, *1 (Nov. 4. 1992). The determination of whether to grant a presentence motion to withdraw a guilty plea is entrusted to the discretion of the trial court, and this Court reviews that decision for an abuse of discretion. *See Xie* at paragraph two of the syllabus. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

**{¶8}** This Court has concluded that a trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

*State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10, citing *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist.1996). Our review is also guided by considering prejudice that may be suffered by the State, the adequacy of representation afforded to the defendant, the character of the underlying plea hearing, the scope of the trial court's consideration of the motion to withdraw, the timing of the motion, the reasons articulated in the motion to withdraw, the defendant's understanding of the nature of the charges and the potential sentences,

and whether the defendant may have been not guilty of the offense or had a complete defense. *State v. Wheeland*, 9th Dist. Medina No. 06CA0034-M, 2007-Ohio-1213, ¶ 12, quoting *State v. Fulk*, 3d Dist. Van Wert No. 15-04-17, 2005-Ohio-2506, ¶ 13, quoting *State v. Lewis*, 3d Dist. Allen No. 1-02-10, 2002-Ohio-3950, ¶ 11. This Court has consistently noted that "[a] mere change of heart" does not justify the withdrawal of a guilty plea. *State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 7, citing *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23.

{¶9} In support of his motion to withdraw his guilty plea, Mr. Troyer argued that he "was not advised to an adequate understanding of the nature and penalties of the offense[s]." He also argued that he did not understand "the ramifications of entering the plea." More specifically, he argued that he had only an eighth-grade education in an Amish setting, which was "not equivalent to any U.S. education system[,]" that his ability to read and write in English was "nominal[,]" and that he had no prior involvement in the legal system. He also maintained that he met appointed counsel at his arraignment and that they did not meet again until he changed his plea. He asserted that they had only "limited phone contact[.]" Mr. Troyer acknowledged, however, that the trial court "complied with Criminal Rule 11[.]" Finally, his motion argued that he entered the guilty plea because he feared that he would be "shunned[]" if he did not do so.

{¶10} During the plea hearing, as Mr. Troyer recognized, the trial court conducted a full colloquy pursuant to Crim.R. 11. During that colloquy, Mr. Troyer affirmed that he was able to read and write the English language. When questioned by the trial court, Mr. Troyer expressed his understanding of the nature of the charges against him and the penalties that he faced. He stated that he understood each of the rights that he was waiving by entering a guilty plea. Mr.

Troyer also affirmed that he had reviewed his written plea agreement with his attorney and that he understood its terms. He then entered a plea of guilty to each relevant charge in turn.

{¶11} The written plea agreement, which Mr. Troyer acknowledged that he had reviewed with counsel, set forth all of the terms. Counsel stated on the record that she had reviewed the terms with him and had "[met] with Mr. Troyer and his father, as well as two of his community members, [and] answered all the questions that they had at that time." During the plea hearing, Mr. Troyer stated that he did not have any questions about the agreement. He denied that "anyone made any threats or promises to [him] to get [him] to change [his] plea" other than the terms discussed during the hearing.

{¶12} During the hearing on his motion to withdraw the guilty plea, Mr. Troyer testified in English without an interpreter. As in the plea hearing, he did not request clarification of any questions during the hearing, and he testified that he had understood "[m]ost of" the words that the State had used. On cross-examination, he responded that he could read, write, and understand "[s]ome of" the English language. He denied that he understood the possible penalties, and in response to leading questions from his newly retained attorney, agreed that he was "afraid to ask [the trial court] questions" and "just [went] along with it because that's what [he was] taught to do[.]" In response to a further leading question from counsel during redirect, Mr. Troyer addressed his understanding of the English language:

Q:     You've been in the Wayne County Jail for four and a half months, correct? About four and a half months have you been in jail?

A:     Yes.

Q:     Okay. Do you speak English at the jail?

A:     That's the only language I can speak in there.

Q:     I know but hasn't your English and your understanding gotten a little bit better since you've been communicating with - -

A:     Yes.

Q:     - - inmates in the jail and corrections officers?

On cross-examination, Mr. Troyer stated that he "did not want to cause a conflict[,]" but denied that anyone made statements to him that caused him to be afraid to ask questions. He acknowledged that he met with his appointed counsel three times and spoke with her an additional four or five times. During the hearing on the motion to withdraw the guilty plea, Mr. Troyer did not introduce any evidence regarding influence exerted upon him by any person in his community, the alleged limitations of his ability to understand the English language, or the nature of his education.

{¶13} In denying his motion, the trial court noted appointed counsel's involvement in negotiating the plea "over a period of months and several pre-trials with the [S]tate to avoid a potential sentence of life without parole." The trial court emphasized that Mr. Troyer's testimony regarding his contacts with counsel contradicted the position that he took in his motion and noted that his case was pending "during the Covid pandemic when in-person meetings were limited." The trial court also observed that during the plea colloquy, Mr. Troyer "did not hesitate or look confused * * *[,] acknowledged he understood his rights and did not have any questions." The trial court also reviewed the contents of Mr. Troyer's presentence investigation, noting that "he had given consistent, non-custodial statements regarding his culpability to law enforcement[]" and "ha[d] never denied he committed the offenses." In this respect, however, this Court notes that we are unable to consider the presentence investigation because it is not part of the record on appeal. *See generally State v. Youmans*, 9th Dist. Summit No. 29395, 2020-Ohio-1097, ¶ 17.

{¶14} As noted above, Mr. Troyer acknowledged that he received a full hearing before entering the guilty plea and that the trial court complied with the requirements of Crim.R. 11. The

record reflects that he was represented by competent counsel in connection with the plea. The trial court conducted a full hearing regarding Mr. Troyer's motion to withdraw although, as discussed above, Mr. Troyer did not produce evidence addressing many of the allegations in the motion. In this regard, it is particularly notable that Mr. Troyer did not present evidence supporting his allegations that he was influenced by his community to enter the plea or describing any alleged deficiencies in his education. During the hearing on the motion, Mr. Troyer testified as he did during the plea hearing: without an interpreter and with no apparent gaps in his ability to understand the proceedings or to articulate his testimony in English.

{¶15} Given these considerations, this Court cannot conclude that the trial court abused its discretion by denying Mr. Troyer's motion to withdraw his guilty plea. *See generally Wheeland*, 2007-Ohio-1213, at ¶ 12, quoting *Fulk*, 2005-Ohio-2506, at ¶ 13, quoting *Lewis*, 2002-Ohio-3950, at ¶ 11; *Pamer*, 2004-Ohio-7190, at ¶ 10, citing *Rosemark*, 116 Ohio App.3d at 308. Mr. Troyer's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

APPELLANT, SAMUEL TROYER, WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.

{¶16} In his second assignment of error, Mr. Troyer argues that appointed counsel was ineffective in connection with his guilty plea because she did not inquire into the nature of his education, ensure that he understood the plea proceedings, or request an interpreter. Mr. Troyer also suggests that appointed counsel was ineffective because she did not file a motion to suppress statements that Mr. Troyer made to law enforcement during the course of the investigation.

{¶17} A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea. *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5, citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991) and *State v. Dallas*, 9th Dist. Wayne No. 06CA0033, 2007-Ohio-1214, ¶ 4. In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the *Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea).

{¶18} On appeal, "a defendant who claims ineffective assistance of trial counsel * * * must show from the record that the elements of the claim exist." *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 101. In a direct appeal, it is "impossible to determine whether [an] attorney was ineffective in his representation * * * where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). Consequently, a claim of ineffective assistance that necessarily relies on proof outside the record is not appropriately raised in a direct appeal. *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000).

{¶19} Most of Mr. Troyer's ineffective-assistance claims are based upon suppositions that are not reflected in the record. Those claims are not appropriately raised in a direct appeal. Regardless, however, Mr. Troyer has also failed to demonstrate prejudice. A defendant who has pleaded guilty must do so by showing "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v.*

*Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89, quoting *Lockhart* at 59. This demonstration "'focuses on a defendant's decisionmaking[]'" and requires "contemporaneous evidence that but for his counsel's erroneous advice, [the defendant] would have made a different decision." *State v. Bozso*, 162 Ohio St.3d 68, 2020-Ohio-3779, ¶ 29, quoting *Lee v. United States*, ___ U.S. ___, 137 S.Ct. 1958, 1966, 198 L.Ed.2d 476 (2017). Mr. Troyer has not demonstrated with reference to any contemporaneous evidence focused on his decisionmaking that, apart from counsel's alleged ineffectiveness, he would have chosen not to enter a guilty plea. *See Bozso* at ¶ 29, quoting *Lee* at 1966. Accordingly, his ineffective-assistance arguments are not well taken.

{¶20} Mr. Troyer's second assignment of error is overruled.

III.

{¶21} Mr. Troyer's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

CHRISTINE A. RUSSO, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANGELA POTH-WYPASEK, Assistant Prosecuting Attorney, for Appellee.