[Cite as *State v. Harrell*, 2022-Ohio-3217.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

WILLIAM HARRELL

    Appellant

C.A. Nos.    30104
30105
30106
30107
30108
30109

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 19 07 2647
CR 19 09 3136
CR 19 10 3397
CR 20 09 2558
CR 20 09 2559
CR 20 09 2560

DECISION AND JOURNAL ENTRY

Dated: September 14, 2022

TEODOSIO, Presiding Judge.

{¶1}    Defendant-Appellant, William Harrell, appeals from six judgments of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Mr. Harrell was indicted in six separate criminal cases. In each case, he was charged with breaking and entering. His indictment in Criminal Case No. 2019-07-2647 alleged that his offense occurred on July 30, 2019. His indictment in Criminal Case No. 2019-09-3136 alleged that his offense occurred on September 8, 2019. His indictment in Criminal Case No.

2019-10-3397 alleged that his offense occurred on September 29, 2019. His indictment in Criminal Case No. 2020-09-2558 alleged that his offense occurred on April 24, 2020. His indictment in Criminal Case No. 2020-09-2559 alleged that his offense occurred on April 28, 2020. Finally, his indictment in Criminal Case No. 2020-09-2560 alleged that his offense occurred on April 30, 2020.

{¶3} All six of Mr. Harrell's cases were consolidated for jury trial. On the first day of trial, a jury was empaneled, and the attorneys gave their opening statements. On the morning of the second day of trial, Mr. Harrell inquired about the possibility of a plea. A recess was taken and, when court reconvened, defense counsel notified the court that Mr. Harrell was willing to plead no contest to all charges. The trial court indicated that it would not accept pleas of no contest, however, and that the matter would proceed to trial. Mr. Harrell then interjected and told the court he would plead guilty. An additional recess ensued, and the parties notified the court that they had reached an agreement. Before releasing the jury, the trial court conducted a plea colloquy, accepted Mr. Harrell's guilty pleas, ordered a presentence investigation, and scheduled the matter for sentencing.

{¶4} Before sentencing could occur, Mr. Harrell mailed a letter to the trial court in which he expressed his desire to withdraw his plea. The State filed a brief in opposition to the letter and, at sentencing, the court and the parties construed the letter as a presentence motion to withdraw Mr. Harrell's plea. The trial court heard arguments from defense counsel, Mr. Harrell, and the State before denying Mr. Harrell's motion to withdraw. The court sentenced Mr. Harrell on each of his counts and ordered his sentences to run consecutively for a total of five years in prison.

{¶5} Mr. Harrell appealed from each of his six judgments of conviction. Upon motion, this Court consolidated his six appeals for purposes of briefing, argument, and decision. Mr.

Harrell's consolidated appeals are now before us. He has raised three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT THE OPPORTUNITY TO PLEAD NO CONTEST[.]

**{¶6}** In his first assignment of error, Mr. Harrell argues that the trial court abused its discretion when it refused to allow him to plead no contest. We disagree.

**{¶7}** Crim.R. 11(A) allows a defendant to plead no contest "with the consent of the court * * *." While a trial court may not adopt a blanket policy of rejecting no contest pleas, *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 13, Crim.R. 11 "does not require a trial court to list its reasons for rejecting a no-contest plea." *Akron v. Hendon*, 9th Dist. Summit No. 22791, 2006-Ohio-1038, ¶ 9. The decision "whether to accept a no contest plea lies within the sound discretion of the trial court." *State v. Iacovone*, 9th Dist. Wayne No. 96CA0060, 1997 WL 422771, *5 (July 16, 1997). "The court's decision will not be reversed absent an abuse of discretion." *Beasley* at ¶ 11. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** When defense counsel indicated that Mr. Harrell wished to enter no contest pleas in each of his six cases, the trial court immediately informed the attorneys that it was unwilling to accept no contest pleas. The trial court specified that it did not believe no contest pleas were appropriate "[b]ased on what [it had] heard and what's going to go forward and what [it] expect[ed] the testimony to be * * *." Mr. Harrell argues that the court abused its discretion when it summarily denied his request to plead no contest. According to Mr. Harrell, the court's decision amounted to a "blanket refusal" to accept no contest pleas because there was no opportunity for the parties to

make statements in support of no contest pleas and, at that point, the trial court had not yet heard testimony.

{¶9} Upon review, this Court cannot conclude that the trial court abused its discretion when it rejected Mr. Harrell's request to enter no contest pleas. *See Iacovone* at *5. There is no indication in the record that the trial court had a blanket policy of not accepting no contest pleas. *Compare Beasley* at ¶ 13. Rather, the trial court indicated that it felt no contest pleas would not be appropriate in Mr. Harrell's particular cases based on his charges and the evidence it anticipated being presented at trial. Were this Court to second-guess that decision, we would be substituting our judgment for that of the trial court. *See Li v. Du*, 9th Dist. Summit No. 29787, 2022-Ohio-917, ¶ 19 ("When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court."). The decision whether to allow Mr. Harrell to plead no contest was a matter solely within the trial court's discretion, as he did not have a constitutional right to enter no contest pleas. *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, ¶ 50, quoting *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6, fn.2. Upon review, Mr. Harrell has not shown that the trial court acted in an unreasonable, arbitrary, or unconscionable manner in refusing to accept his pleas of no contest. *See Blakemore* at 219. Thus, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT THE OPPORTUNITY [TO] WITHDRAW HIS PLEA PRIOR TO SENTENCING[.]

{¶10} In his second assignment of error, Mr. Harrell argues that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty pleas. We disagree.

**{¶11}** Crim.R. 32.1 provides for the withdrawal of a guilty plea prior to sentencing. Though a presentence motion to withdraw "'should be freely and liberally granted,'" there is no "'absolute right to withdraw a plea prior to sentencing.'" *State v. Youmans*, 9th Dist. Summit No. 29395, 2020-Ohio-1097, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "The trial court must conduct a hearing to determine whether the defendant has demonstrated a reasonable and legitimate basis to withdraw the plea * * *." *State v. Braley*, 9th Dist. Summit No. 29834, 2022-Ohio-2489, ¶ 5. The nature and scope of that hearing is left to the sound discretion of the trial court. *Id.*

**{¶12}** "[A] defendant bears the burden of demonstrating that there is a reasonable and legitimate basis for withdrawing [his] plea." *State v. Troyer*, 9th Dist. Wayne No. 21AP0051, 2022-Ohio-1903, ¶ 7. The determination of whether to grant a presentence motion to withdraw a plea is entrusted to the discretion of the trial court, and this Court will review that decision for an abuse of discretion. *See Xie* at paragraph two of the syllabus. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore*, 5 Ohio St.3d at 219.

**{¶13}** A trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

*State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10. The trial court must take into consideration "'the facts and circumstances of each case.'" *State v. West*, 9th Dist. Lorain

No. 04CA008554, 2005-Ohio-990, ¶ 22, quoting *Pamer* at ¶ 11.  Additional factors the court may consider include:

> (1) prejudice that may be suffered by the State, (2) the adequacy of representation afforded to the defendant, (3) the character of the underlying plea hearing, (4) the scope of the trial court's consideration of the motion to withdraw, (5) the timing of the motion, (6) the reasons articulated in the motion to withdraw, (7) the defendant's understanding of the nature of the charges and the potential sentences, and (8) whether the defendant may have been not guilty of the offense or had a complete defense.

*Braley* at ¶ 7.  "This Court has consistently noted that '[a] mere change of heart" does not justify the withdrawal of a guilty plea." *Troyer* at ¶ 8, quoting *State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 7.

{¶14}  Mr. Harrell concedes that he received a full hearing before entering his pleas as well as a hearing on his presentence motion to withdraw his pleas.  He also concedes that he was represented by counsel at both hearings.  Mr. Harrell argues that a reasonable and legitimate basis existed for the withdrawal of his pleas because they were coerced, the trial court improperly participated in the plea negotiation process, and his counsel failed to effectively argue on his behalf.  Because ineffective assistance of counsel is the subject of Mr. Harrell's third assignment of error, this Court will reserve its discussion on that point herein and address Mr. Harrell's arguments about his trial counsel in the context of his third assignment of error.

{¶15}  As previously noted, Mr. Harrell did not enter his pleas until the second day of trial.  Before plea discussions ensued, defense counsel informed the trial court that Mr. Harrell had filed a grievance against the assistant prosecutor based on his belief that she had violated his right to counsel.  Mr. Harrell then addressed the court directly.  He indicated that the assistant prosecutor had made statements on the record about certain facts that were only known to him and his counsel.  Those facts pertained to a charge of felonious assault that had been dismissed and was not at issue.

Mr. Harrell asked the court to dismiss his charges because they were all being tried together at the time of the assistant prosecutor's alleged misconduct. Once the trial court explained why it would not be dismissing the case, Mr. Harrell asked whether he could plead to a sentence of community control or time at a community-based correctional facility. The trial court informed him that his charges would not support a sentence of that nature. Following additional discussions on an unrelated matter, defense counsel indicated that Mr. Harrell would be willing to plead no contest to all six of his charges.

{¶16} The trial court immediately informed the parties that it would not accept no contest pleas from Mr. Harrell. In response, Mr. Harrell stated: "You want me to plead guilty? Fine. I'll do it." A brief exchange then ensued, followed by a break in the proceedings. Defense counsel ultimately informed the trial court that the parties had reached an agreement and Mr. Harrell was willing to plead guilty to each of his charges. The record supports Mr. Harrell's concession that he then received a full plea hearing. During that hearing, Mr. Harrell confirmed that his pleas were not the result of any force, threats, or promises. He also confirmed that he had been given adequate time to consult with his counsel and was satisfied with his counsel's advice.

{¶17} Mr. Harrell sought to withdraw his guilty pleas about two weeks later, and the trial court addressed his motion at the scheduled sentencing hearing. At the hearing, Mr. Harrell argued that his pleas were a product of coercion on the part of the court, the prosecutor, and defense counsel. He argued that his pleas had been coerced because, when he notified the trial court that the assistant prosecutor had violated his rights, the court did not attempt to verify that fact. Mr. Harrell also accused the assistant prosecutor of lying several times during her opening statement. He told the trial court: "you had a job, and a duty, and a responsibility to verify whether my rights had been violated, but you didn't, so that make me feel like you were on [the assistant prosecutor's]

side to push me into -- coercing me to plead guilty to the charges that I did not commit." He indicated that he decided to plead guilty because he knew the trial court was "going to continue to allow this prosecutor to prosecute [him] using unethical means * * *." Mr. Harrell also indicated that he felt coerced by his counsel because his counsel did not pursue certain arguments on his behalf. After listening to Mr. Harrell's arguments, hearing from the State, and referring extensively to the transcript of the plea hearing, the trial court denied Mr. Harrell's motion to withdraw his pleas.

{¶18} Having reviewed the record, this Court cannot conclude that the trial court abused its discretion when it denied Mr. Harrell's presentence motion to withdraw his guilty pleas. *See Xie*, 62 Ohio St.3d at 527. Mr. Harrell had a full plea hearing, a full hearing on his motion to withdraw, and he was represented by counsel at each hearing. *See Pamer*, 2004-Ohio-7190, at ¶ 10. Though he claims his pleas were coerced, it was Mr. Harrell who initiated plea discussions, first by asking about the possibility of pleading to specific sentences and later by indicating that he would be willing to plead guilty. The trial court was prepared to go forward with the trial if Mr. Harrell did not wish to plead, and there is no indication in the record that the court improperly engaged in plea negotiations. The trial court simply addressed the terms that would not be acceptable to it if Mr. Harrell were to plead. *See Akron v. Hendon*, 9th Dist. Summit No. 22791, 2006-Ohio-1038, ¶ 14. Moreover, during the full hearing Mr. Harrell received before entering his pleas, he specifically confirmed that his pleas were not the result of any force, threats, or promises and that he was satisfied with his counsel's advice. He gave no indication that he did not understand the implications of his pleas or that he was only pleading guilty because he felt that he would not receive a fair trial. *See Braley*, 2022-Ohio-2489, at ¶ 7.

{¶19} At the point Mr. Harrell entered his pleas, the matter was before the court on the second day of trial. All the witnesses had been subpoenaed, the jury had been empaneled, and the attorneys had given their opening statements. Thus, significant judicial resources had already been expended. Rescheduling the trial, reseating a jury, and resecuring the witnesses for each of Mr. Harrell's six criminal cases would have been an arduous task. Thus, both the timing of Mr. Harrell's motion and the resulting prejudice to the State if the matter were to be set for trial again were additional factors in support of the trial court's decision to deny Mr. Harrell's motion. *See id.*

{¶20} Upon review, the trial court did not abuse its discretion when it found that Mr. Harrell failed to establish a reasonable and legitimate basis for the withdrawal of his pleas. *See Troyer*, 2022-Ohio-1903, at ¶ 7. While Mr. Harrell may have experienced second thoughts before his sentencing, "'[a] mere change of heart' does not justify the withdrawal of a guilty plea." *Troyer*, 2022-Ohio-1903, at ¶ 8, quoting *West*, 2005-Ohio-990, at ¶ 7. The trial court's decision to deny his presentence motion to withdraw his pleas was not unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Accordingly, Mr. Harrell's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

WHETHER THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO ADVOCATE FOR HIS CLIENT IN MATTERS BEFORE THE COURT[.]

{¶21} In his third assignment of error, Mr. Harrell argues that he received ineffective assistance of counsel. We disagree.

{¶22} "A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea." *Troyer*, 2022-Ohio-

1903, at ¶ 17. To prove ineffective assistance of counsel, a defendant must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (*Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. "A defendant who has pleaded guilty must demonstrate prejudice by showing ''that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.''" *State v. Bloodworth*, 9th Dist. Summit No. 29025, 2019-Ohio-1222, ¶ 4, quoting *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 89, quoting *Lockhart* at 59.

{¶23} Mr. Harrell argues that he received ineffective assistance of counsel because his counsel did not argue zealously on his behalf in favor of his initial attempt to plead no contest and his later attempt to withdraw his guilty pleas. He notes that his counsel "ceded the role of advocate to [him] on multiple occasions" and stood by silently while he "engaged in lengthy discourse and argument to the trial judge." According to Mr. Harrell, this matter "might have had a different outcome" if his counsel had advocated on his behalf. He also argues that his counsel's failure to effectively advocate "may * * * have played a role in his feeling of being coerced into taking a plea he did not agree to."

{¶24} Mr. Harrell's arguments regarding the prejudice prong of *Strickland* are specious at best. The thrust of his argument appears to be that, had his counsel argued more effectively on his behalf, he would have prevailed on the merits of his arguments (i.e., that he would have been permitted to plead no contest or to withdraw his pleas). In the context of a guilty plea, however,

"'ineffective assistance will only be found to have affected the validity of [a] plea when it precluded the defendant from entering the plea knowingly and voluntarily.'" *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 55. That is because guilty pleas waive "issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea." *Troyer* at ¶ 17. Mr. Harrell has made no attempt to explain why his pleas were not knowingly and voluntarily entered. *See* App.R. 16(A)(7); *State v. Neitz*, 9th Dist. Medina No. 18CA0024-M, 2019-Ohio-439, ¶ 9. Though his brief includes statements that he pleaded guilty because he felt coerced, he has not developed those arguments in the context of ineffective assistance of counsel. His vague assertion that his counsel's failure to advocate more effectively on his behalf "may * * * have played a role in his feeling of being coerced" is insufficient to establish that his pleas were involuntary. As previously noted, Mr. Harrell had a full hearing before entering his pleas and specifically acknowledged that his pleas were not the result of any force, threats, or promises. This Court will not construct an argument on Mr. Harrell's behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because he has not established that he sustained prejudice as a result of any allegedly deficient performance on the part of his counsel, this Court rejects his ineffective assistance of counsel argument. *See Neitz* at ¶ 9; *State v. Tyburski*, 9th Dist. Lorain No. 18CA011291, 2018-Ohio-4248, ¶ 17. Mr. Harrell's third assignment of error is overruled.

III.

**{¶25}** Mr. Harrell's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN CHAPMAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.