[Cite as *State v. Tittle*, 2025-Ohio-596.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 23AP0035 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| RUSSELL TITTLE | COURT OF COMMON PLEAS |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2023 CRC 0227 |

DECISION AND JOURNAL ENTRY

Dated: February 24, 2025

CARR, Judge.

{¶1} Appellant, Russell Tittle, appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 5, 2023, the Wayne County Grand Jury returned an indictment charging Tittle with one count of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility in violation of R.C. 2921.36(A)(2), a felony of the third degree, as well as one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Tittle pleaded not guilty to the charges at arraignment. Tittle ultimately entered into a plea agreement where he pleaded guilty to the charge of illegal conveyance of drugs with an understanding that the State would recommend a sentence of no more than 12 months in prison. The charge of aggravated possession of drugs was dismissed pursuant to the plea agreement. The

trial court accepted Tittle's plea and found him guilty. The trial court subsequently sentenced Tittle to a 12-month prison term.

{¶3}    On appeal, Tittle raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S DECISION TO DENY THE APPELLANT'S REQUEST TO ENTER A NO CONTEST PLEA IS REVIEWED AS AN ABUSE OF DISCRETION AND THE TRIAL COURT'S DECISION TO DENY THE SAME WAS AN ABUSE OF DISCRETION AS IT WAS UNREASONABLE, ARBITRARY, OR UNCONSCIONABLE.

{¶4}    In his sole assignment of error, Tittle argues that the trial court abused its discretion when it denied his request to enter a no contest plea instead of a guilty plea at the plea hearing. This Court disagrees.

Background

{¶5}    Tittle entered into a plea agreement where the State agreed to recommend a sentence of no more than 12 months in prison. Tittle was free to argue for a lesser sentence. The count of aggravated possession of drugs was also dismissed pursuant to the plea agreement. The plea agreement was reduced to writing and signed by Tittle. When the parties appeared for the plea hearing, the trial court engaged in a detailed colloquy wherein it advised Tittle of his rights and the possible sanctions associated with pleading guilty. The trial court also discussed the terms of the plea agreement and confirmed that Tittle understood those terms. When asked by the trial court how he wished to plead to the charge of illegal conveyance of drugs, Tittle responded, "I'll plead guilty, Your Honor." The trial court accepted Tittle's plea and found that that had been properly advised as to the waiver of his constitutional rights and all relevant matters pertaining to sentencing. The following exchange then took place on the record:

MR. TITTLE:      Your Honor, excuse me, would you accept a no contest plea on that?

THE COURT:      No, it's either guilty or nothing.

MR. TITTLE:      Okay, all right.

THE COURT:      Does that change what you want to do?

MR. TITTLE:      No, I mean, I, no, I'll plead guilty to it, but, I didn't really know it was even there or not, but, that's not the issue, yeah, I'll plead guilty to it, Your Honor.

{¶6}  At that time, the trial court reiterated that it accepted Tittle's plea and found him guilty.  The trial court further ordered the dismissal of count two pursuant to the plea agreement and ordered a presentence investigation report.  At sentencing, the trial court imposed a 12-month prison sentence.

Discussion

{¶7}  On appeal, Tittle contends that the trial court abused its discretion when it denied his request to plead no contest.  Tittle further suggests that the trial court failed to properly inform him of his options upon denying his request.

{¶8}  This Court reviews a trial court's decision to deny a defendant the opportunity to plead no contest for an abuse of discretion.  *See State v. Harrell*, 2022-Ohio-3217, ¶ 7 (9th Dist.).  An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}  Crim.R. 11 governs the procedure for the entry and acceptance of pleas.  Crim.R. 11(A) provides, in part, that "[a] defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest."  The plain language of Crim.R. 11(A) makes clear that a defendant may only plead no contest with the consent of the court.  Crim.R. 11(C)(2)

further provides that the court "may refuse to accept a plea of guilty or a plea of no contest[.]" Although a court is prohibited from adopting a blanket policy of rejecting all no contest pleas, a trial court is not required to set forth its reasons for denying a no contest plea in a particular case. *Harrell* at ¶ 7.

{¶10} Tittle cannot prevail on his assignment of error as he has not demonstrated that the trial court abused its discretion. A key component of this case is that the parties appeared for the plea hearing after entering into a plea agreement. Tittle agreed to plead guilty to illegal conveyance of drugs, a third-degree felony, in exchange for the dismissal of the aggravated possession charge and an assurance that the State would recommend no more than a 12-month prison sentence. Tittle had an extensive criminal record, and he received a benefit from agreeing to plead guilty. The trial court discussed the terms of the plea agreement at the plea hearing. The trial court also notified Tittle of the rights he would be waiving upon pleading guilty, including the right to try the case to a jury. Tittle indicated that he understood. When Tittle subsequently inquired as to whether the trial court would accept a no contest plea, the trial court answered that question in the negative. Although the trial court did not indicate why it refused Tittle's request, the plea agreement specified that he would plead guilty. When the trial court asked if the answer regarding the no contest plea changed what Tittle wanted to do, Tittle answered, "No," and reiterated his desire to plead guilty. Under these circumstances, Tittle has not demonstrated that the trial court's denial of his request to plead no contest was unreasonable, arbitrary, or unconscionable.

{¶11} Tittle's assignment of error is overruled.

III.

{¶12} Tittle's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and TIMOTHY P. BOGNER, Assistant Prosecuting Attorney, for Appellee.